### RIESENBECK, Plaintiff-Appellee, v BAUER, Defendant-Appellant.

Ohio Appeals, First District, Hamilton County.

No. 6873.   Decided December 1, 1947.

Cottle, Campbell & Druffel, Cincinnati, Wm. R. Pettit, for plaintiff-appellee.

Fred L. Hoffman, Cincinnati, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal from a judgment rendered by the Municipal Court of Cincinnati. The plaintiff's and defendant's automobiles collided in a street intersection in the City of Newport in the State of Kentucky. Both automobiles were damaged. The plaintiff's action was to recover for the damage done to his automobile. The defendant filed a cross-claim for the damage done to his automobile.

The plaintiff alleged that there were traffic lights at the intersection and that he entered the intersection on the green light, giving him the right of way, and that the defendant entered the intersection at a negligent rate of speed without keeping a look-out and without having his automobile under control, and as a direct result collided with the plaintiff's automobile.

The defendant in his counter-claim alleged that he entered the intersection on the green light, giving him the right of way, and that while he was in the intersection, on his right

side of the street, the plaintiff, suddenly and without any warning, entered the intersection against the red traffic light, and negligently attempted to make a left turn directly in front of defendant's automobile, without proceeding beyond the center of the intersection.

The defendant also charged the plaintiff with failing to keep a lookout and to have his automobile under control. He alleged that these acts of negligence, and not his negligence, directly caused the collision.

The case was tried to the court without the intervention of a jury. The defendant requested the court to state in writing its finding of facts separately from its conclusions of law "and in connection therewith to include specific findings upon the following questions of fact," and then set forth fifteen specifications. In compliance with this request, the court made a finding which seems to embrace all the specifications and then stated under the heading "Conclusions of Law" that:

"The court finds that the defendant was guilty of negligence in the operation of his automobile and that such negligence was the proximate cause of the accident, and that the plaintiff was not guilty of any negligence. Therefore judgment should be rendered for the plaintiff in the amount of One Hundred Seventy-Five ($175.00) Dollars."

Judgment for the plaintiff was rendered on the findings and conclusions. The appeal is from that judgment.

No bill of exceptions was filed. The sole claim is that the judgment is not supported by the findings. In compliance with the request for specific findings the Court found, among other things, that:

"Plaintiff had entered said intersection, on the green traffic light, by driving westwardly along Eleventh Street and was making a left hand turn so as to proceed south on Monmouth Street, at the time of the collision.

"Defendant had entered said intersection by driving northwardly along Monmouth Street and was proceeding in the same direction at the time of the collision.

"Plaintiff's car was damaged to the extent of $120.00 and defendant's car to the extent of $66.25.

"Plaintiff first saw defendant's automobile when it was in the intersection and ten feet away from plaintiff.

"The collision took place in the southeast quarter of the intersection.

"In driving through the intersection plaintiff drove to the south of the center line of Eleventh Street before he reached the center line of Monmouth Street.

"In turning to left plaintiff was proceeding to the left of the center point of the intersection.

"Defendant was operating his automobile on his right hand side of the street immediately prior to and at the time of the collision."

It is urged that these specific findings indicate that plaintiff was negligent in making a left turn without proceeding beyond the center of the intersecting street, and while it shows that the light favored plaintiff when he entered the intersection, it does not show that defendant entered on the red light, and that it is consistent with the findings to conclude that there was a change of lights between the time plaintiff entered the intersection and the time when defendant entered.

There is no doubt that it can be reasonably argued from these specific findings that plaintiff was negligent in the way he made the left hand turn. It cannot be argued that such turn in any way contributed to the collision, because there is no finding on that subject.

There is also no doubt that the findings are much more specific as to the plaintiff's conduct than the defendant's conduct. That, however, results from the fact that the defendant's specifications in his request for findings were confined to the plaintiff's conduct without any specification designed to develop the specific findings of the court on defendant's conduct. The result was that the only finding on the defendant's conduct is found under the heading "Conclusions of Law," heretofore quoted. That conclusion was one of fact and it is immaterial that it is found under an improper heading. No prejudice could result therefrom. Furthermore, no objection was made thereto on that ground in the trial court or in this court.

In **Peter v Union Mfg. Co., 56 Oh St, 181, at 207,** the Court set forth the rule for interpreting special finding of facts in this language:

"In reviewing a judgment based upon a finding of fact, a reviewing court should steadily lean towards that construction of the finding which would support the judgment; * * *"

See, also, **Jack v Hudnall, 25 Oh St., 255.** Supplying this rule of construction, we conclude that there is no conflict between the finding that the defendant was negligent and that his negligence caused the collision, and the specific findings made at the defendant's request. The plaintiff charged the defendant with several acts of negligence other than entering

the intersection on the red traffic light, that is, charged him with excessive speed, failure to keep a proper lookout, and failure to have the automobile under proper control. In the absence of any request for a more specific finding, the general finding was sufficient.

We conclude that the findings of the court support the conclusion of law that the defendant is liable for the damages proven. However, the findings only show damage to the extent of $120.00, whereas, the judgment rendered is for $175.00. It should be modified as to the amount.

For these reasons, the judgment is reduced to $120.00, and, as modified, affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.